FILED

DEAN POWELL
1456 E. Philadelphia St., Space 355
Ontario, CA 91716
Telephone: 909.680.8466
E-Mail: deanmonroepowell@gmail.com

2023 APR 10  AM 10: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

DEAN POWELL, Plaintiff
In Forma Pauperis

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Dean Powell, an individual;

    Plaintiff.

  vs.

Louis DeJoy, Postmaster General,

United States Postal Service, a Federal

Agency;

    Defendant.

EDCV23 - 00626 - JGB(SPx)

**COMPLAINT**

## I. JURISDICTION

1. This Court has jurisdiction based on 29. C.F.R. 1614.407(c). The Equal

Employment Opportunity Commission (EEOC) issued a final decision denying

Plaintiff Dean Powell's ("Plaintiff") Request for Reconsideration of EEOC request

number 2022004954.

## II. VENUE

2.  Venue is proper pursuant to 29. C.F.R. 1614.407(c). Plaintiff resides in

San Bernardino County. Defendant, Louis Dejoy, Postmaster General, United States Postal Service ("Defendant") has its Headquarters in Washington, D.C. and is an out of state defendant that conducts substantial work in California.

### III. PARTIES

3. Plaintiff's name is Dean Powell. Plaintiff resides at 1456 E. Philadelphia St., Space 355, Ontario, CA 91716.

4. Defendant is Louis DeJoy, Postmaster General, United States Postal Service. The address of Defendant's Headquarters is 475 L-Enfant Plaza, SW, Washington, D.C. 20260.

### IV. STATEMENT OF FACTS

Plaintiff worked for Defendant for 33 years. On March 16, 2027 an incident occurred that resulted in Defendant removing Plaintiff from his employment.

The facts concerning the incident on March 16, 2017 are as follows: Plaintiff worked as a Quality Examiner in a facility called Mail Transport Equipment Service ("MTESC") that was managed by Pacific Architects and Engineers ("PAC"), a third-party contractor of Defendant. Plaintiff was the sole employee of Defendant that worked at MTESC. Plaintiff did not supervise any other employees. Plaintiff's direct supervisor was Patricia Laverdet ("Laverdet"). She worked in Washington, D.C. and as of March 16, 2017,and at all times prior to her decision that was adverse to Plaintiff had never personally observed or met with Plaintiff.

**COMPLAINT**

On March 16, 2017 an acquaintance of Plaintiff, Ariana Samoza ("Samoza") came to MTESC uninvited and entered the facility through a window. Samoza had previously visited Plaintiff at MTESC and Plaintiff believed that he had been given permission for Samoza to visit him when invited. Subsequent to believing he had been given permission and prior to the date of the incident, Plaintiff maintains he only gave her permission to wait outside for her car pool and not to enter the building. But, on March 16, 2017 Samoza came to MTESC uninvited and began to act in a loud and threatening manner. Her behavior clearly indicated she was suffering from a mental illness. Upon entering through a window she jumped on a desk, shouted at and cursed at PAC employees, disrupting the workplace and frightening employees.  When Plaintiff subsequently arrived Samoza continued to yell, curse, and threaten him also.

In an attempt to protect himself and others Plaintiff and PAC Plant Manager, Peter Thompson ("Thompson"), were able to push Samoza out of the facility through a door that they locked behind her.  However, Samoza again re-entered MTESC through a window and continued to shout and threaten Plaintiff and others.  Samoza then grabbed the keys to Plaintiff's vehicle from him and threatened that she was going to steal his vehicle.  Plaintiff grabbed a hold of his keys in an attempt to avoid having his vehicle stolen. When Samoza could not take his keys from him she let go of the keys and immediately attacked throwing punches and trying to claw him. Plaintiff asserts that he did not strike Samoza but only

3

**COMPLAINT**

attempted to retrieve the keys. Plaintiff was able to get the keys and then carried Samoza outside again. While carrying Somoza she was able to break free but instead of ending her assault, she turned around and continued her attack. She came at Plaintiff head first attempting to claw his face. At this point with arms extended in self defense he got hold of her hair preventing her from reaching him and causing injury. At the same time he was telling her to calm down. When Plaintiff felt Somoza's momentum stop coming forward as they went through a doorway and he let go of her. She then left the premises.

In response to the March 16, 2017 incident Defendant charged Plaintiff with a Notice of Proposed Removal dated April 27, 2017 ("Notice") written by Laverdet that was based on two specifications:

1. Engaging in Violent and/or Threatening Behavior; and,

2. Failure to Follow the MTESC Visitor Policy and Obey Instructions of Management.

Plaintiff, with his representative, responded to the Notice. Plaintiff maintained that he had been given permission for Samoza to be a guest in his office as long as she was not on the workroom floor.  Plaintiff permitted Somoza to wait for her carpool outside of the building only. On the date of the incident Somoza was not permitted to be at the facility at all. He also denied engaging in violation of Defendant's policy on the grounds of self-defense and the defense of others. He asserted that he did not lose his temper nor did he strike Samoza and

thus did not engage in violence. There is no witness that states Plaintiff struck

Somoza. The Fontana California police department said the incident did not

warrant a police report as no laws were broken.

Defendant's Deciding Official, Scott Raymond ("Raymond") issued a

Letter of Decision ("Decision") dated July 14, 207 in which he sustained the

charges of misconduct.  Raymond determined that the appropriate penalty for

Plaintiff was removal. Raymond also had never met or previously interacted with

Plaintiff as he also worked in Washington, D.C.

Because of the terms in 29 USCA 152 (11) and 39 USC 1005(a)(4)(A) and

supportive case law, Plaintiff, who had no supervisory duties, was deemed not

eligible to make an appeal of his removal to the Merit Systems Protection Board

("MSPB"). Plaintiff was permitted to appeal the removal decision before a Hearing

Officer pursuant to Defendant's Rule ELM 650 ("650 Hearing"). The 650 Hearing

took place on March 25, 2017. Defendant was represented by counsel at the 650

Hearing. Plaintiff and Defendant provided evidence and testimony for both parties

was given.

On December 4, 2017, after hearing the evidence and testimony, the Hearing

Officer issued a Proposed Decision.  The Hearing Officer recommended that the

Decision be vacated for violation of due process, as was set forth in his discussion

of the testimony and evidence. The Hearing Officer recommended that Defendant

review the matter de novo.

Agency's ELM 652.252 permits a Step 1 official to review the proposed

decision of a hearing officer and to either accept it or reject it. On December 28,

2017 Agency's Vice President of Labor Relations, Doug Tulino ("Tulino"), issued

a letter stating he had considered all the pertinent facts and was upholding the

removal decision. Tulino did not identify himself as the Step 1 official. Plaintiff

asserts that Raymond should have been the Step 1 Official, as that position is

defined in Defendant's ELM 652.252.

Plaintiff filed an EEOC complaint alleging that Defendant had discriminated

against him with the removal because of his race, color, sex, and association with a

disabled person. The EEOC process continued but Plaintiff's complaint was

dismissed without a hearing, dismissed on appeal, and dismissed upon the request

for reconsideration.

Plaintiff now asserts his right to file a federal civil complaint, pursuant to

29. C.F.R. 1614.407(c).

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### DISCRIMINATION BECAUSE OF ASSOCIATION WITH AN

### INDIVIDUAL WITH A DISABILITY

Plaintiff incorporates by reference all of the above information.

Discrimination by an employer against an employee because of a disability is

prohibited by the Americans with Disabilities Act. Pursuant to 42 U.S.C.

12112(b)(4), and Section 501 of the Rehabilitation Act, prohibited discrimination

also includes discrimination based on the employee's relationship or association

with an individual with a disability.

Plaintiff asserts that there is evidence that Defendant decided to remove him

because of his association with Samoza, who was obviously mentally disabled.

That evidence included the testimony of Laverdet at the 650 Hearing.

Defendant did not have a mandatory duty to remove Plaintiff even if he had

violated Defendant's Zero Tolerance Policy because the policy makes any

discipline discretionary. Plaintiff asserts that based on the facts of what occurred

on March 16, 2017 and his 33 year employment record with no other misconduct

or discipline, that Defendant should not have concluded that it had a mandated

duty to remove him but should have mitigated any discipline to something less

than removal. Plaintiff further asserts that absent a mandatory duty to remove him

based on Defendant's own policy, that Defendant's reason for removing him was a

pretext for discriminatory animus.

## SECOND CAUSE OF ACTION:

## FAILURE TO PROVIDE DUE PROCESS

Plaintiff incorporates by reference all of the above information. Plaintiff

asserts that in his proposed decision that the Hearing Officer determined that

Defendant had not given Plaintiff due process in its initial removal process.

Subsequently, Tulino rejected the Hearing Officer's proposed decision and

**COMPLAINT**

upheld the original removal. Plaintiff asserts that Tulino also did not provide

Plaintiff with due process but only ratified the prior decision of Raymond without

consideration of any evidence and testimony provided at the 650 Hearing.

Plaintiff asserts that Defendant improperly permitted Tulino to issue a final

decision and reject the Hearing Officer's proposed decision. Plaintiff further

asserts that by allowing Tulino to issue the final decision when he was not the Step

1 official was prejudicial to Plaintiff and also evidences Defendant's continued

conduct of failing to give him correct due process.

## THIRD CAUSE OF ACTION:

## DEFENDANT'S ELM 652.252 RULE CREATES A FAILURE OF DUE PROCESS AND SHOULD NOT BE SUSTAINED

Defendant's ELM 652.252 permits a Step 1 official to reject a decision by a

hearing officer in a 650 Hearing. A 650 hearing provides an employee of

Defendant with the opportunity to present evidence and testimony in support of

that employee's opposition to Defendant's discipline.

Plaintiff participated in a 650 Hearing and did present evidence and

testimony in support of his opposition to Defendant's proposed removal.  After

hearing all evidence from both Plaintiff and Defendant at the 650 Hearing the 650

Hearing Officer found that the proposed removal should be vacated.

Despite having a full evidentiary process and a hearing officer's decision,

Defendant's ELM 652.252 rule permits a Step 1 official to completely disregard

the decision and reject it. Plaintiff asserts that Defendant's ELM 652.252 rule thus violates his due process rights as it completely nullifies them at the discretion of the Step 1 official.

Additionally, the very basis of the hearing officer's decision in Plaintiff's 650 hearing was that Defendant had not provided Plaintiff with due process in its initial decision to remove him. When Defendant's agent, Tulino, rejected the hearing officer's decision, that specifically stated that Plaintiff had not been given due process, and then ratified Defendant's initial removal, it created a further failure of due process for Plaintiff.

## VI. REQUEST FOR RELIEF

Plaintiff has suffered extensive general and special damages due to considerable monetary losses at the loss of his job and concurrent severe emotional distress.

WHEREFORE, the Plaintiff requests:

1. That Defendant's decision to remove him be reversed.

2. That the EEOC decision to not give reconsideration to him in Request no. 2022004954, which dismissed his complaint of discrimination, be reversed.

3. That Plaintiff's employment be restored to a position with an equal pay grade at a location in the vicinity of his residence.

9

**COMPLAINT**

4.    That Plaintiff be awarded all back-pay and monetary compensation for lost benefits.

5.    That Plaintiff be awarded all costs and fees expended in both the EEOC process and this civil complaint process.

6.    That Plaintiff be awarded compensation for the emotional distress damages he has experienced, as much as the law allows against Defendant.

7.    For any other relief that the Court may find reasonable and fair.


DATED: April 8, 2023                          Respectfully Submitted,



                                              DEAN POWELL
                                              In Forma Pauperis

**COMPLAINT**